UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SILVERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DUANE CHRISTIAN, et al.,<br><br>    Defendants. | Case No. 20-05136 BLF (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br><br><br>(Docket No. 17) |

Plaintiff, a pre-trial detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against jail officers and medical personnel at the Humboldt County Correctional Facility ("HCCF") where he was formerly housed. Dkt. No. 1. The Court found the complaint stated a cognizable claim under the Fourteenth Amendment for the deprivation of medical care. Dkt. No. 6 at 2. The Court ordered the matter served on Defendants Captain Duane Christian, Lt. Dean Flint, Iver Lein, Nurse Barnheart, Lt. Jason Benge, and Dr. Ziegler.[1] *Id.* at 3.

Defendants Flint, Benge, and Christian have filed a motion to dismiss under Federal

---

[1] The Court dismissed HCCF as a defendant because Plaintiff made no separate allegations against the Facility. Dkt. No. 6 at 3.

1

Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff failed to plead sufficient facts to establish how each individual Defendant was specifically involved in the alleged unconstitutional conduct.[2]  Dkt. No. 17 at 1-2.  Although given ample time to do so, Plaintiff has filed no opposition in this matter, and has had no further communication with the Court since filing the complaint.  Defendants filed a notice of Plaintiff's non-opposition to their motion, requesting the Court grant their motion to dismiss.  Dkt. No. 19.

For the reasons discussed below, Defendants' motion to dismiss is **GRANTED**.

## DISCUSSION

### I.  Plaintiff's Allegations

Plaintiff's allegations are presented in a single paragraph in the "statement of claim" section of the form complaint.  Dkt. No. 1 at 3.  Plaintiff claims that on July 6 and July 8, 2018, he was tazed on the forearm "causing ultimately acute denervation/numbing permanently since."  *Id*.  Plaintiff claims that "staff was informed right away," and that Defendant Iver Lien refused to treat him.  *Id*.  Plaintiff claims that "no medical staff" came to his aid, "the Doctor refused immediate aid upon formal verbal notice as well," and "all medical requests were ignored."  *Id*.  Plaintiff claims that all his grievances were denied. *Id*.  Plaintiff claims that "[e]ach party is directly and indirectly involved be it conspiracy to deny 14th Amendment rights and/or deliberate indifference and reckless disregard to fail to treat this medically and act as if not important [*sic*]."  *Id*.  Plaintiff claims that Defendant Duane Christian "is involved in failure to treat plaintiff and failure of oversight to lack of medical treatment and those under his responsibility in being involved to thwart and oppress plaintiff of medical treatment and grievance process."  *Id*.  Plaintiff claims that he suffered "permanent denervation/numbness in half of his left hand and 4th and 5th digit"

---

[2] Defendants Barnheart, Lien and Ziegler filed a separate motion for summary judgment on September 13, 2021, which is not yet submitted.  Dkt. No. 25.

2

because he was never medically treated. *Id.* Plaintiff seeks damages. *Id.* Along with the complaint, Plaintiff filed copies of several grievances regarding his requests for neurological appointments. Dkt. No. 1 at 4-13.

## II. Motion to Dismiss

In their motion to dismiss, Defendants Christian, Flint, and Benge argue that Plaintiff failed to plead sufficient facts to establish how each of them was specifically involved in the alleged unconstitutional conduct. Dkt. No. 17 at 1-2.

### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *See Symington*, 51 F.3d at 1484. The court may consider "'allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal citation omitted).

### B. Fourteenth Amendment Claim

Liberally construing Plaintiff's allegations, the Court found the complaint stated a

3

deliberate indifference claim under the Fourteenth Amendment. Dkt. No. 6 at 2. Defendants contend that Plaintiff fails to allege any facts to support his Fourteenth Amendment claim against them. Dkt. No. 17 at 4.

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). The claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. With regard to the third element, the defendant's conduct must be objectively unreasonable -- "a test that will necessarily turn[] on the facts and circumstances of each particular case." *Id.* (citations and internal quotation marks omitted). The four-part test articulated in *Gordon* requires the plaintiff to allege facts demonstrating more than negligence, but less than subjective intent --something akin to reckless disregard. *Id.*

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d

4

1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).

First, Defendants assert that Plaintiff's allegation that Defendant Christian was involved in failing to treat him and have proper oversight over subordinates is conclusory, without any facts in support. Dkt. No. 17 at 4. Defendants assert that Plaintiff alleges no facts explaining how Defendant Christian was specifically involved in the failure to treat Plaintiff, nor does he allege facts identifying the individuals Defendant Christian failed to oversee. *Id.* Defendants also contend that Plaintiff fails to allege any facts explaining how Defendant Christian's lack of oversight of "those under his responsibility" contributed to Defendants' failure to provide adequate medical treatment. *Id.* Defendants assert that without such specific allegations, Plaintiff cannot establish a viable deliberate indifference claim under the Fourteenth Amendment against Defendant Christian. *Id.* at 5.

Defendants are correct. Plaintiff's brief statement of claim contains no specific facts to support all the elements for a Fourteenth Amendment claim against Defendant Christian. He makes one statement against Defendant Christian whom he claims is "involved in failure to treat" and "failure of oversight" of those "under his responsibility" who were involved in the denial of adequate medical care. Dkt. No. 1 at 3. As Defendants point out, Plaintiff fails to provide specific facts explaining how Defendant Christian was involved in the failure to provide treatment, the nature of his oversight responsibilities, and who were his subordinates. *Id.* As such, Plaintiff fails to satisfy the first element, i.e., that Defendant Christian made an intentional decision with respect to the conditions under which Plaintiff was confined. *See Gordon*, 888 F.3d at 1125. Even if it were assumed that Plaintiff satisfied the second element, i.e., that the conditions of confinement put him at substantial risk of serious harm, he fails to allege facts to satisfy the third element - that a reasonable official in the same circumstances as Defendant Christian would have appreciated the high degree of risk before Plaintiff and taken reasonable available

5

measures to abate that risk, the third element. *Id.* Lastly, Plaintiff fails to allege how Defendant Christian's failure to act caused his injuries. *Id.* Without specific allegations, Plaintiff cannot establish that Defendant Christian is liable for the violation of his Fourteenth Amendment rights. *See Leer*, 844 F.2d at 633. Accordingly, Plaintiff has failed to establish a Fourteenth Amendment claim against Defendant Christian.

      Defendants next assert that Plaintiff's "Statement of Claim" fails to allege any facts against Defendants Benge and Flint specifically. Dkt. No. 17 at 5. Plaintiff merely makes the general allegation that "*each party* is directly and indirectly involved" in the violation of his rights. *Id.*, (emphasis added). Defendants contend that other than this conclusory allegation against "each party," Plaintiff makes no specific allegations against Defendants Benge and Flint at all. *Id.* Defendants contend that Plaintiff has failed to make the required factual allegations to put them on notice of his claims against them. *Id.*, citing *Scalia v. County of Kern*, 308 F.Supp.3d 1064, 1072 (E.D. Cal. 2018). The Court agrees. Plaintiff only includes Defendants Flint and Benge's names in his list of defendants, Dkt. No. 1 at 2, then makes no mention of their names or specific allegations against them in his "statement of claim." *Id.* at 3. Defendant Flint's name does appear on two of the grievances attached to the complaint, as the responder at the first level. *Id.* at 6, 7. However, Plaintiff provides no explanation as to the significance of Defendant Flint's responses and how it violated his Fourteenth Amendment rights. As Defendants assert, Dkt. No. 17 at 5, Plaintiff's allegations that "all grievances were denied" is simply deficient, as there are no specific facts demonstrating how the grievance procedure impacted his ability to obtain medical care. Based on the foregoing, Plaintiff has not provided sufficient allegations to establish Defendants Benge and Flint's liability for his injuries under the Fourteenth Amendment. *See Leer*, 844 F.2d at 633.

      Based on the foregoing, Defendants have shown that Plaintiff has failed to plead specific facts against Defendants Christian, Benge, and Flint that demonstrate that these

6

defendants are liable for his injuries under the Fourteenth Amendment. In response, Plaintiff has filed no opposition to Defendants' motion to dismiss, to either argue that the complaint is not deficient and that his claims are sufficiently plead or that he can correct these deficiencies if permitted to file an amended complaint. Even after Defendants filed their notice of Plaintiff's non-opposition to their motion on April 23, 2021, there has been no further filing from Plaintiff in this matter. Dkt. No. 19.

Furthermore, the last court mail sent to Plaintiff was returned as undeliverable on September 20, 2021.[3] Dkt. No. 26. The notation on the returned envelope states that the mail was "unclaimed" and "unable to forward." *Id.* This address, however, appears to still be active because Plaintiff recently filed a separate action indicating the same mailing address used in this action. *See* Case No. 21-cv-08054-BLF, Dkt. No. 1 at 1.[4] There is no indication that Plaintiff did not receive Defendants' motion or that he needs more time to file an opposition. Accordingly, the Court finds no good cause for granting Plaintiff an opportunity to file an amended complaint to correct the deficiencies in the pleading with respect to his claims against Defendants Christian, Benge, and Flint. Their motion to dismiss shall be granted and the claims against them shall be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendant D. Christian, D. Flint, and J. Benge's motion to dismiss is **GRANTED**. Dkt. No. 17. The Fourteenth Amendment claim against them is **DISMISSED with prejudice** for failure to state a claim. The Clerk shall terminate these Defendants from this action as the claims against them have been dismissed.

---

[3] This mail contained a copy of the court order granting Defendants' motion for a second extension of time to file their motion for summary judgment. *See* Dkt. No. 23.

[4] Plaintiff signed the complaint for that new action on October 13, 2021, and it was stamped received on the same day. Dkt. No. 1 at 3; Dkt. No. 1-1 at 1.

This order terminates Docket No. 17.

**IT IS SO ORDERED.**

Dated: __October 28, 2021___

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order Granting MTD.
PRO-SE\BLF\CR.20\05136Silverman_grant.mtd