UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SILVERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DUANE CHRISTIAN, et al.,<br><br>    Defendants. | Case No. 20-cv-05136 BLF (PR)<br><br>**ORDER OF DISMISSAL; TERMINATING PENDING MOTION AS MOOT**<br><br>(Docket No. 25) |

Plaintiff, a California state pretrial detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against jail officers and medical personnel at the Humboldt County Correctional Facility ("HCCF"), where he was formerly housed. The Court found the complaint, Dkt. No. 1, stated a cognizable claim under the Fourteenth Amendment and ordered the matter served on Defendants.[1] Dkt. No. 13. Defendants Iver Lein, A. Barnhart, and Dr. Daniel Ziegler filed a motion for summary judgement along with papers

---

[1] As their first response, Defendants Duane Christian, Dean Flint, and Jason Benge filed a motion to dismiss, Dkt. No. 17, which the Court granted. Dkt. No 27. The Court dismissed the claims against these defendants and ordered them terminated from the action. *Id.* at 7.

in support. Dkt. Nos. 25, 25-1, 25-2. Defendants filed proof of service of their summary judgment on Plaintiff. Dkt. No. 25-4. However, Plaintiff did not file an opposition.

The Court notes that mail sent to Plaintiff by the Clerk of the Court to the address he provided, Dkt. No. 1-1, have been returned as undeliverable with the stamp, "Return to Sender; Unclaimed; Unable to Forward." Dkt. Nos. 26, 30. It is also unknown whether Plaintiff actually received his copy of Defendants' summary judgment motion.

District courts unquestionably have the power to grant summary judgment sua sponte. *See* Fed. R. Civ. P. 56(f) (explaining that district court may grant summary judgment "for a nonmovant," "on grounds not raised by a party," or "on its own"); *Fuller v. City of Oakland*, 47 F.3d 1522, 1533 (9th Cir. 1995). But sua sponte grants of summary judgment are only appropriate if the losing party has (1) reasonable notice that the sufficiency of his claim will be at issue and (2) a full and fair opportunity to ventilate the issues. *See Norse v. Santa Cruz*, 629 F.3d 966, 971-72 (9th Cir. 2010); *Oluwa v. Gomez*, 133 F.3d 1237, 1239 (9th Cir. 1998); *Fuller*, 47 F.3d at 1533. Furthermore, a district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). Because it is unclear whether Plaintiff received notice of Defendants' motion for summary judgment and therefore given a full and fair opportunity to ventilate the issues, the Court finds it is inappropriate to rule on Defendants' summary judgment under *Norse*, 629 F.3d at 971-72.

However, Plaintiff's failure to update the Court with a current address is grounds for dismissal. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* must promptly file a notice of change of address while an action is pending. *See* L.R. 3-11(a). The Court may, without prejudice, dismiss a petition when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the pro

2

se party indicating a current address.  *See* L.R. 3-11(b).

More than sixty days have passed since the last mail addressed to Plaintiff was returned as undeliverable on February 10, 2022.  Dkt. No. 30.  The Court has not received a notice from Plaintiff of a new address or any further communication from him.  Accordingly, this action must be dismissed pursuant to the Court's Local Rule 3-11.

## CONCLUSION

For the reasons stated above, the instant action is **DISMISSED** without prejudice pursuant to Rule 3-11 of the Northern District Local Rules.

Defendants Iver Lein, A. Barnhart, and Dr. Daniel Ziegler's motion for summary judgment shall be terminated as moot in light of this dismissal.  Dkt. No. 25.

This order terminates Docket No. 25.

**IT IS SO ORDERED.**

Dated:  ___June 10, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.20\05136Silverman_LR3-11dism